Case 1:22-cr-00057-JMS-KMB   Document 750   Filed 08/21/25   Page 1 of 5 PageID #: 4808

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| United States of America )<br>v. )<br>RICHARD DAVIS )<br> )<br>Date of Original Judgment: 06/13/2024 )<br>Date of Previous Amended Judgment: 06/27/2024 )<br>*(Use Date of Last Amended Judgment if Any)* | Case No: 1:22-cr-00057-JMS-KMB-11<br>USM No: 00596-510<br><br>James Edgar (prior)<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ **DENIED.** ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 08/21/2025

*Judge's signature*

Effective Date: _____
*(if different from order date)*                                      *Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22-cr-00057-JMS-KMB |
| | ) | |
| | ) | |
| RICHARD DAVIS (11), | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR ADJUSTMENT OF SENTENCE**

Defendant Richard Davis (11) has filed a Motion for Adjustment of Sentence under Amendment 821 to the United States Sentencing Guidelines. [Filing No. 720.] The Motion is now ripe for the Court's review.

**I.**
**BACKGROUND**

In April 2022, Mr. Davis was charged with Conspiracy to Distribute and to Distribute Controlled Substances. [Filing No. 1.] On June 11, 2024, Mr. Davis pled guilty to the lesser included offense of Conspiracy to Possess with Intent to Distribute and to Distribute 100 Kilograms or More of Marijuana. [Filing No. 647; Filing No. 661.] At sentencing, the Court calculated Mr. Davis's offense level at 23, with 0 criminal history points but with a two-level enhancement for possessing firearms in connection with the offense. [*See* Filing No. 548 at 11; Filing No. 662 at 1.] His offense level placed him in criminal history category I, but his statutory mandatory minimum sentence was 60 months, which was his guideline range. [Filing No. 548 at 17; Filing No. 662 at 1.] The Court sentenced Mr. Davis to the statutory mandatory minimum of 60 months' imprisonment. [Filing No. 661.] Mr. Davis now argues in his Motion for Adjustment

1

of Sentence that he is eligible for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines and also asks the Court to reconsider its imposition of the firearm enhancement in determining his sentence. [Filing No. 720; Filing No. 733.] The Government opposes Mr. Davis's Motion. [Filing No. 735; Filing No. 736.]

## II.
### DISCUSSION

####    A.    Application of Amendment 821

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's sentence is based on a guideline range that, after the defendant's sentencing, was lowered by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts employ a two-step analysis. See Dillon v. United States, 560 U.S. 817, 826 (2010). At step one, the Court determines whether the defendant is eligible for resentencing and the extent of the reduction authorized. Id. at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. Id. at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable factors under 18 U.S.C. § 3553(a) and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. Id. at 827.

####    1.    Step One Analysis

At step one, the Court finds that Mr. Davis is not eligible for resentencing. He relies upon U.S.S.G. § 4C1.1(a), which provides that if a defendant meets eleven criteria, he is entitled to a decrease in his offense level by two levels. But one of those criteria is that "the defendant did not possess…a firearm or other dangerous weapon…in connection with the offense." U.S.S.G. §

4C1.1(a)(7). Mr. Davis possessed multiple firearms in connection with the offense that underlies this case, [*see* Filing No. 548 at 8], so he is not eligible for a sentence reduction under U.S.S.G. § 4C1.1(a).

      Mr. Davis also relies upon U.S.S.G. § 1B1.10, which provides that:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).

U.S.S.G. § 1B1.10(a)(1). But this provision does not apply to Mr. Davis's circumstances because the mandatory minimum for his offense has not changed and is still 60 months – the length of his original sentence. 21 U.S.C. § 841(b)(1)(B). The Court is prohibited from reducing Mr. Davis's sentence below the unchanged statutory minimum of 60 months. U.S.S.G. § 5G1.1(c)(2).

      In short, Mr. Davis is not entitled to resentencing under either U.S.S.G. §§ 4C1.1 or 1B1.10. Given this finding, the Court need not proceed to the Step Two analysis and Mr. Davis's Motion for Adjustment of Sentence is **DENIED** to the extent that he seeks a sentence reduction under Amendment 821. [Filing No. 720.]

      **B.**    **Reconsideration of the Firearm Enhancement**

      Mr. Davis also argues that he should not have received the firearm enhancement under U.S.S.G. § 2D1.1(b)(1). [*See* Filing No. 720 at 6-7; Filing No. 733 at 3-4.] But Mr. Davis is challenging his sentence, which he can only do through a petition filed pursuant to 28 U.S.C. § 2255. See *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021). Additionally, and in any event, the Court imposed the statutory minimum sentence and did not engage in a guideline calculation, so whether Mr. Davis received the firearm enhancement is irrelevant.

      Mr. Davis's Motion for Adjustment of Sentence is **DENIED** to the extent that he requests that the Court reconsider its imposition of the firearm enhancement. [Filing No. 720.]

3

## III.
### CONCLUSION

For the foregoing reasons, Mr. Davis's Motion for Adjustment of Sentence under Amendment 821, [720], is **DENIED**.

Date: 8/21/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via United States Mail to:**

Richard Davis
#00596-510
FCI Terre Haute
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808